LEMMON, Judge,
concurring.
There are two reasonable approaches to the appellate court decision in a case where a trial court specifies the injuries on which an award is based, without itemizing the amount awarded for each injury, and the evidence fails to support a conclusion that one or more of the injuries is related to the accident.
*1048 One reasonable approach would be to accord no weight whatsoever to the trial court’s award. Under that approach the appellate court would proceed to fix the award as if the trial court had rendered a judgment in favor of defendant on liability. The shortcoming of this approach is that the award fixed by the appellate court might be the same as, or either higher or lower than the award in the judgment from which the appeal was taken.
The second reasonable approach is the one taken in this case, which is to accord some weight to the award of the trial court if that award would be in the range of the trial court’s much discretion had causation of all specified injuries been proved. Under this approach the total award is simply reduced by some proportionate amount reasonably attributable to the one or more injuries which were not proved to be causally related to the accident.
I prefer the second approach because the fixing of an award for damages for personal injuries is and should be a function of the trial court. Furthermore, if the first approach were used so that no weight whatsoever would be accorded to the award set by the trial court, and the appellate court set an award which was higher than that originally set by the trial court, then the defendant who took the appeal based on the erroneous finding of causation would in effect be told by the appellate court that his victory on appeal is going to cost him more money. This could hardly be considered an equitable result.